IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELSIE GENE FLYNN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ACTING WARDEN OF ALLEGHENY )<br>COUTY JAIL and DISTRICT ATTORNEY )<br>OF ALLEGHENY COUNTY, )<br>)<br>Respondents. ) | Civil Action No. 2:24-cv-617<br><br>Magistrate Judge Patricia L. Dodge |

**MEMORANDUM**

Before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF 1) filed by Petitioner, Kelsie Gene Flynn, pursuant to 28 U.S.C. § 2241. Also before the Court is Respondents' Motion to Dismiss. (ECF 4.) For the reasons below, the Court will grant the Motion to the extent that Respondents move for the dismissal of any claim related to Flynn's Pennsylvania criminal case because the Court lacks jurisdiction to consider such claims under § 2241. The Court will also deny Flynn's claims challenging the validity of his custody at the Allegheny County Jail as a fugitive of justice from West Virginia. These claims are moot because Flynn was extradited to West Virginia soon after he filed the Petition.

**I.   Relevant Background**[2]

In July 2023, Flynn was arrested under 42 Pa. Cons. Stat. § 9136 as a fugitive from justice from West Virginia. This statute is a provision of the Uniform Criminal Extradition Act

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.
[2] The following background is taken from information provided by Respondents in their Motion (ECF 4), to which they attached parts of the state court record.

1

("U.C.E.A."), which is codified in Pennsylvania at 42 Pa. Cons. Stat. §§ 9121-9148. The case was filed in the Court of Common Pleas of Allegheny County on its miscellaneous docket at No. CP-02-MD-0004413-2023 and will be referred to as Flynn's "extradition case."

Not long thereafter, Flynn was charged in the Court of Common Pleas of Allegheny County with four counts of the offense of Persons Not to Possess a Firearm, in violation of 18 Pa. Cons. Stat. § 6105(a)(1), (c)(1). The case was filed in the Court of Common Pleas at criminal docket No. CP-02-CR-0005678-2023 and will referred to as Flynn's "Pennsylvania criminal case."

On October 2, 2023, the Governor of Pennsylvania issued a warrant in Flynn's extradition case directing that he be taken into custody and returned to West Virginia because he was charged in that state with the crime of Threating to Commit a Terrorist Act. The Governor's warrant, which was authorized by the U.C.E.A. at 42 Pa. Cons. Stat. § 9140, also granted authority "to any Pennsylvania law enforcement, corrections or prosecuting official(s) the right to dispose of all charges pending in the Commonwealth of Pennsylvania prior to serving this warrant and/or transferring [Flynn] from Pennsylvania to [West Virginia]." (Resp's Ex. 4, ECF 4-2 at p. 19.)

On October 19, 2023, Flynn appeared before a state court judge for a hearing in his extradition case. Following this hearing, the state court judge determined that "all the Extradition papers are in proper order and that the identity of the defendant has been established." (Resp's Ex. 7, ECF 4-2 at p. 46.)

Flynn's trial in his Pennsylvania criminal case was held in early April 2024. On April 11, 2024, the jury returned a verdict of not guilty at all four counts. Thus, as that date, Flynn custody at the Allegheny County Jail was no longer based on his status as a pretrial detainee in his Pennsylvania criminal case. Rather, he was being held in the jail solely because of his status as a

fugitive from justice in his extradition case.

On April 12, 2024, Flynn filed in this Court his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[3] He challenges the legality of his extradition to West Virginia and asserts violations of the UCEA. Although it is not clear, he also may be claiming that his right to a speedy trial was violated in his Pennsylvania criminal case. As relief, Flynn seeks an order from this Court that directs that he be immediately released from the Allegheny County Jail and that the Court issue an order preventing his extradition to West Virginia.

The Court served the Petition on Respondents and they have filed a Motion to Dismiss. (ECF 4.) After Respondents filed their Motion, the Court issued an order setting forth the due date for Flynn's response. That order, which was mailed to Flynn at his address of record at the Allegheny County Jail,[4] was returned to the Court because Flynn is no longer housed at the jail and he left no forwarding address. (ECF 9.)

The record for Flynn's criminal case, which the Respondents filed when they moved to dismiss, establishes that Flynn was extradited to West Virginia not long after his Pennsylvania criminal case concluded on April 11, 2024. The Court takes judicial notice of the information contained on the docket sheets related to Flynn's West Virginia criminal case, made available by the relevant West Virginia state court. They show that in July 2024 the local prosecutor voluntarily dismissed Flynn's charge of Threating to Commit a Terrorist Act.

---

[3] April 12, 2024 is the date Flynn signed the Petition and avers he placed it in the prison mail. In accordance with the prison mailbox rule, that is the filing date of the Petition.

[4] The Court previously advised Flynn that he was under a continuing obligation to notify the Clerk of Court of any change of address. (ECF 3.) Flynn has not updated his address since his release from the Allegheny County Jail or communicated with the Court in any manner since his extradition.

**II.     Discussion**

A federal habeas corpus action is the vehicle by which a prisoner can challenge the legality of his detention. Its function is to secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (habeas "empowers a federal court to grant a petitioner relief from unlawful state custody.").

Flynn filed his Petition under 28 U.S.C. § 2241. This habeas statute provides, in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless … *[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]*" 28 U.S.C. § 2241(c)(3) (emphasis added).

Respondents correctly argue that the Court lacks jurisdiction under § 2241 to address any claim related to Flynn's Pennsylvania criminal case. That is because Flynn was not "in custody" as a pretrial detainee for that case on the date he filed the Petition. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed."). The "in custody" requirement is a jurisdictional requirement. *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam). Thus, the Court lacks jurisdiction under § 2241 to consider Flynn's claim (to the extent that he raised it) that his right to a speedy trial was violated in his Pennsylvania criminal case. Accordingly, Respondents' Motion to Dismiss will be granted as to that claim.

The remaining claims Flynn brings in the Petition challenge his extradition to West Virginia and his request that he be immediately released from the Allegheny County Jail.

Respondents do not address these claims in their Motion. The Court has jurisdiction over them under § 2241 because on the date Flynn filed the Petition (April 12, 2024) he was still "in custody" at the Allegheny County Jail under the warrant issued in his extradition case. However, these claims are now moot because Flynn was extradited soon after he filed the Petition. Accordingly, the Court will deny Flynn's claims challenging his extradition because they are moot. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998) ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."); *Beachem v. Att'y Gen. of Missouri*, 808 F.2d 1303, 1304 (8th Cir. 1987) (the petitioner's claims challenging his extradition became moot when he was transferred to the receiving state).

### III.  Conclusion

For the reasons set forth above, Respondents' Motion to Dismiss (ECF 4) will be granted to the extent they argue that the Court lacks jurisdiction over Flynn's claim that his right to a speedy trial was violated in his Pennsylvania criminal case. Flynn's remaining claims, all of which challenge the legality of his extradition to West Virginia, are denied as moot. Because jurists of reason would not find the Court's disposition of Flynn's claims to be debatable, a certificate of appealability is denied with respect to all claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

BY THE COURT:

Dated: February 5, 2025

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge